**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

R.S. MANN                                                                                                    PLAINTIFF

v.                                        No. 4:05CV00985 JLH

TONY HALEY; CHRIS RIDENHOUR;
GLEN DANIEL; RONALD STOBAUGH;
CHRIS GOODMAN; WARREN NEWMAN;
and RAYE TURNER                                                                          DEFENDANTS

**<u>ORDER</u>**

        Before the Court are separate motions for more definite statement filed by Defendants Tony

Haley and Chris Ridenhour (Docket #11) and Defendants Glen Daniel, Ronald Stobaugh, Chris

Goodman, and Raye Turner (Docket #14).[1]  For the reasons contained herein, the motions are denied.

        R.S. Mann, a licensed physician, brought this suit against the defendants under the Civil

Rights Act of 1871, 42 U.S.C. § 1983, the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-

123-105, and state theories of civil conspiracy, slander, intentional interference with contractual

relations, and outrage.   According to the complaint, Haley, Ridenhour, Daniel, Stobaugh, and

Goodman were, at all relevant times, law enforcement officials employed by the City of Russellville

or the Fifth Judicial District Drug Task Force or both; Turner was, at all relevant times, the mayor

of the City of Russellville.  Mann alleges that "[i]n the scope and course of their employment and

under color of law, Defendants made statements about Plaintiff to third parties (the 'Statements')."

Mann alleges that the statements included "allegations and insinuations that Plaintiff maintained an

arsenal of guns and that, given that he was born in India, reason existed to be suspicious of him,

_____

        [1] Defendants Daniel, Stobaugh, Goodman, and Turner have adopted the motion filed by
Haley and Ridenhour in its entirety.  Because the motions seek identical relief, they will be
addressed together.

especially since September 11, 2001"; "allegations that Plaintiff had over-prescribed scheduled medications and that his prescribing practices caused the deaths and emergency hospitalizations of his patients"; and "allegations that Plaintiff 'had had sex for drugs.'" Mann alleges that "[t]he Statements were either false and intended to disparage Plaintiff in his profession or intentionally misleading to the point of casting the plaintiff in a false light and were intended to disparage Plaintiff personally and in his profession"; that "Defendants knew the Statements were false or Defendants were recklessly indifferent to the Statements' truth"; and that "Defendants intended for the Statements: a. To cause Plaintiff to lose his license to practice medicine, b. To cause Plaintiff professional and personal opprobrium and disgrace; [and] c. To cause Plaintiff's patients to stop seeking medical services from Plaintiff." Furthermore, Mann alleges that the defendants' statements caused him financial, personal, and professional injury, including investigation by licensing authorities into his compliance with state law, emergency suspension of his licence by the Arkansas State Medical Board, and loss of his clinical hospital staff privileges.

The defendants move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, arguing that they cannot properly respond to the allegations in the complaint.  They ask the Court to order Mann to file an amended complaint setting forth the dates and times of the statements, the locations where the statements were made, the individuals who made the statements, the individuals to whom these statements were made, and the individuals between whom the alleged conspiracy existed.  The defendants also seek clarification of the claims relating to each statement and whether the alleged civil conspiracy is strictly a state claim.  According to them, such relief is appropriate because the case involves alleged civil rights violations and defamation, areas in which defenses of immunity and privilege are common and in which courts

have granted motions for more definite statement. *See Runyan v. United Bhd. of Carpenters*, 566 F. Supp. 600, 608 (D. Colo. 1983); *Broughton v. Hill Packing Co.*, 35 F.R.D. 565, 566 (E.D.S.C. 1964); *Garcia v. Hilton Hotels Int'l, Inc.*, 97 F. Supp. 5, 11 (D.P.R. 1951).

Motions for more definite statement are generally disfavored. *See Goodroad v. Tharaldson Lodging II, Inc.*, Case No. 1:05CV110, 2005 WL 3557411, at *2 (D.N.D. Dec. 22, 2005); *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (stating that motions for more definite statement should be granted "only when a party is unable to determine the issues requiring a response"); *Runyan*, 566 F. Supp. at 608 (noting general discouragement of such motions unless the pleading is so unintelligible that defendants do not understand the allegation and are unable to respond). Nevertheless, Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

FED. R. CIV. P. 12(e).

In determining whether to grant a Rule 12(e) motion, courts should keep in mind established pleading requirements. *See Goodroad*, 2005 WL 3557411, at *2. Because the manner of pleading is a procedural issue, not substantive, federal pleading rules govern. *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698-99 (8th Cir. 1979). Federal pleading rules do not require that a plaintiff set out in detail the facts upon his claim is based. Under federal "notice-pleading" standards, a plaintiff is only required to file "a short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). The limited exceptions to this rule are contained in Rule 9. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122

3

S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *See e.g.*, FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.")  Unless a matter is explicitly enumerated in Rule 9, the pleading of such matter is held to the standards enunciated in Rule 8 and not to a "heightened" pleading standard.  *See Swierkiewicz*, 534 U.S. at 515, 122 S. Ct. at 999 (holding that the federal rules do not contain a heightened pleading requirement for employment discrimination actions); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993) (abrogating *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985) and holding that a heightened pleading standard could not be applied in civil rights cases alleging municipal liability).

The causes of action alleged by Mann are not among those enumerated in Rule 9.  Following the Supreme Court's holdings in *Swierkiewicz* and *Leatherman*, therefore, the Court applies only the liberal notice-pleading standards to the claims in this case, including those sounding in § 1983 and defamation.  *Doe v. Cassel*, 403 F.3d 986, 988 (8th Cir. 2005); *Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 329-330 (4th Cir. 2005); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003).  Under these standards, a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512, 122 S. Ct. at 998 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

The Court is satisfied that the complaint does so in this case.  It provides the alleged defamatory statements made by the defendants as well as the specific injuries Mann suffered as a result of these statements.  In doing so, it is not so vague or ambiguous that the defendants, after sufficient investigation, could not reasonably be required to frame a responsive pleading.  The Court is confident that all information sought by this motion can be fleshed out in discovery.  *See Rhyce*

4

*v. Martin*, 173 F. Supp. 2d 521, 535 (E.D. La. 2001); *Baxter Travenol Labs., Inc. v. LeMay*, 93

F.R.D. 379, 381-82 (D.C. Ohio 1981).  Given the allegations in the complaint, the defendants can

be expected to plead any defenses they believe in good faith are appropriate and, certainly, will

remain free to plead a lack of sufficient knowledge or information of any allegation.  *See* FED. R.

CIV. P. 8(b); *Rhyce*, 173 F. Supp. 2d at 535.  For these reasons, the motions for more definite

statement are denied.

The Court further denies the defendants' request to compel Mann to "divid[e] whatever

claims he is asserting against Defendants into separate numbered paragraphs."  Rule 10(b), cited by

the defendants, provides:

> All averments of claim or defense shall be made in numbered paragraphs, the
> contents of each of which shall be limited as far as practicable to a statement of a
> single set of circumstances; and a paragraph may be referred to by number in all
> succeeding pleadings. Each claim founded upon a separate transaction or occurrence
> and each defense other than denials shall be stated in a separate count or defense
> whenever a separation facilitates the clear presentation of the matters set forth.

FED. R. CIV. P. 10(b).  Mann has satisfied the minimum requirements of this rule.  All allegations

in the complaint are set forth in numbered paragraphs and appropriately limited.  In some actions,

where the claims are founded upon separate transactions or occurrences, the use of separate counts

can facilitate the clear presentation of issues.  The defendants, however, have not met their burden

of showing that this is such a case.  For this reason, the Rule 10(b) motion will be denied.

In conclusion, the defendants' separate motions for relief under Rule 12(e) and 10(b) will be

denied in their entirety.

IT IS SO ORDERED this 13th day of January, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE