**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

R.S. MANN                                                                                                           PLAINTIFF

v.                                              No. 4:05CV00985 JLH

TONY HALEY; CHRIS RIDENHOUR;
GLEN DANIEL; RONALD STOBAUGH;
CHRIS GOODMAN; WARREN NEWMAN;
and RAYE TURNER                                                                                         DEFENDANTS

**OPINION AND ORDER**

Warren Newman has filed a motion to substitute the United States for him as a party defendant and to dismiss the United States pursuant to the Federal Tort Claims Act. He has also filed a separate motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons contained herein, the Court substitutes the United States for Warren Newman as a party defendant and dismisses all claims against the United States. The Court grants the Rule 12(b)(6) motion to dismiss as to any remaining claims against Newman.

According to the complaint, this action arises "under federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. § 1983, under the Fourteenth Amendment to the Constitution of the United States; and under Arkansas state law, particularly the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-105; as well as the common law torts of civil conspiracy, slander, intentional interference with contractual relations, and outrage." R.S. Mann, a licensed physician, alleges that the defendants made false and disparaging statements to third parties, while acting "[i]n the scope and course of their employment and under color of law." These statements include "allegations and insinuations that Plaintiff maintained an arsenal of guns and that, given that he was born in India, reason existed to be suspicious of him, especially since September 11, 2001." Mann alleges that by

making these statements, the defendants significantly impeded his ability to practice his profession and deprived him of his "federally protected liberty and property interests," including his "right to earn a living." Mann alleges that the defendants' statements caused investigations by licensing authorities into his compliance with the Arkansas Medical Practices Act, an emergency order by the Arkansas State Medical Board suspending his license to practice medicine, and denial by the hospital of clinical hospital staff privileges.

The complaint mentions Newman by name only when it says, "Defendant Warren Newman was, at all times relevant to this complaint, a federal law enforcement officer[.]" Newman has submitted a certification signed by Bud Cummins, the United States Attorney for the Eastern District of Arkansas, that states, "On the basis of the information now available with respect to the incident referred to in the Complaint of R.S. Mann, . . . Newman was acting within the scope of his employment as a Bureau of Alcohol, Tobacco, Firearms and Explosives agent at the time of the incident alleged in plaintiff's Complaint."

Newman has moved to substitute the United States as a party defendant and then to dismiss the claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. As amended by the Liability Reform Act, the Federal Tort Claims Act provides the exclusive remedy for torts committed by federal employees in the scope of their employment. 28 U.S.C. § 2679(b)(1). *See United States v. Smith*, 499 U.S. 160, 163, 11 S. Ct. 1180, 1183-84, 113 L. Ed. 2d 134 (1991). Newman has submitted certification that he was acting within the scope of his employment at the time of the alleged incidents. Upon such certification, a tort action is "deemed an action against the United States" and the United States is substituted as a party defendant. 28 U.S.C. § 2679(d)(1).

Mann challenges the substitution on two grounds.  First, Mann contends that the certification submitted by Newman "carries little weight, given the paucity of detailed facts set forth in Dr. Mann's complaint."  However, the certification is prima facie evidence that the employee's conduct was within the scope of employment.  *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991).  If a plaintiff challenges the certification, he must "come forward with specific facts" rebutting the certification and "prov[e] that the employee was not acting within the scope of employ."  *Id.*; *McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 1995).  Mann has not done so in this case.

Secondly, Mann challenges substitution because the complaint alleges slander, a tort to which the Federal Tort Claims Act does not apply.  *See* 28 U.S.C. § 2680(h).  Mann's argument is foreclosed by the Supreme Court's holding in *Smith*.  In *Smith*, the Court held that, because the Federal Tort Claims Act is the exclusive remedy for torts committed by federal employees acting within the scope of their employment, the Act bars recovery against a federal employee even when the Act itself precludes recovery against the government.  *Smith*, 499 U.S. at 165-67, 111 S. Ct. at 1185.  "Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether."  *Id.* at 166, 111 S. Ct. at 1185.  In other words, "because the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States . . . , it is not available at all."  *Brown*, 949 F.2d at 1013.

Because the certification has been filed and has not been rebutted, Mann's sole remedy is against the United States.  28 U.S.C. § 2679(b)(1), (d)(1).  The Federal Tort Claims Act requires that claims against the United States first be presented to the appropriate federal agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Newman has submitted a declaration of Harry B. Pass, Chief of the Administrative Programs Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives, stating that the Bureau has no record of any claim filed by or on behalf of Mann. Mann does not say that he presented a claim to the Bureau. Compliance with § 2675(a) is a jurisdictional requirement. *Borntrager v. Stevas*, 772 F.2d 419, 421 (8th Cir. 1985).

Mann cannot pursue claims against the United States under the Federal Tort Claims Act because he did not exhaust his administrative remedies. He could not pursue the alleged claims against the United States even if he did exhaust his administrative remedies. The claims alleged in this action arise out of slander which is explicitly excepted under the Federal Torts Claims Act, meaning that the United States retains sovereign immunity with respect to these claims. *Brown*, 949 F.2d at 1013.

Newman has also filed a motion to dismiss any remaining claims against him for failure to state a claim. This suit is against Newman in his official capacity. It is well established in the Eighth Circuit that a § 1983 suit is against a public official in his official capacity unless the complaint "expressly and unambiguously" states otherwise. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). The complaint does not purport to state a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1449, 29 L. Ed. 2d 619 (1971), but if it did, the same principle would seem to apply with equal force to such a suit. A suit against a federal

employee in his official capacity is merely a suit against the United States. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). The United States retains its sovereign immunity with respect to *Bivens* claims. *Buford*, 160 F.3d at 1203.

Even if this suit were against Newman in his individual capacity, the complaint would fail to state a claim against Newman. In *Siegert v. Gillery*, 500 U.S. 226, 233-34, 111 S. Ct. 1789, 1794, 114 L. Ed. 2d 277 (1991), the Supreme Court held that defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional violation. "[S]o long as [the alleged] damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action." *Id*. at 234, 111 S. Ct. at 1794. Here, the alleged harms flow directly from the injury to Mann's reputation inflicted by statements purportedly made by Newman and the other defendants. Mann has not alleged that Newman played any part in deciding to investigate, suspend, or deny Mann privileges; he has alleged only that Newman and the other defendants, by making defamatory statements against him, caused third parties to investigate, suspend, and deny Mann privileges. This case is indistinguishable from *Siegert*. Therefore, insofar as the complaint alleges a *Bivens* claim against Newman in his individual capacity, it fails to state a claim.

Finally, the complaint does not assert a § 1983 claim against Newman based on his participation in a civil conspiracy, as Mann argues. The complaint states that this action "arises under federal law, particularly . . . 42 U.S.C. § 1983, under the Fourteenth Amendment . . . ; and under Arkansas state law, particularly . . . common law torts of civil conspiracy, . . . ." The complaint alleges the civil conspiracy claim as a common-law tort claim, not as a § 1983 claim.

## CONCLUSION

Insofar as this action is a tort action, the claims are barred because Mann did not exhaust his administrative remedies pursuant to the Federal Torts Claims Act and because the United States retains its sovereign immunity with respect to these claims.  For these reasons, the Court grants Newman's motion to substitute the United States and dismisses the tort claims against the United States.  Docket #26.  The United States is hereby substituted for Warren Newman as a defendant on the tort claims.  All claims against the United States are hereby dismissed with prejudice.  Insofar as there remain claims against Newman, these claims are against Newman in his official capacity and are barred by sovereign immunity.  Even if these claims were against Newman in his individual capacity, the complaint would fail to state a claim.  Docket #28.  All claims against Newman are hereby dismissed with prejudice.

IT IS SO ORDERED this 14th day of March, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE