IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

R.S. MANN                                                                                                    PLAINTIFF

v.                                         No. 4:05CV00985 JLH

TONY HALEY; CHRIS RIDENHOUR;
GLEN DANIEL; RONALD STOBAUGH;
CHRIS GOODMAN; WARREN NEWMAN;
and RAYE TURNER                                                                                        DEFENDANTS

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 action seeking redress of Fourteenth Amendment rights. R.S. Mann, a licensed physician, alleges that Glen Daniel, Ronald Stobaugh, Chris Goodman, Raye Turner, Tony Haley, Chris Ridenhour (collectively, "the remaining defendants"), and Federal Agent Warren Newman deprived him of federally protected liberty and property interests by making false and disparaging statements to third parties, thereby causing third parties to investigate his practice, suspend his license, and deny him hospital privileges. On March 14, 2006, the Court dismissed the claims against Newman, ruling, in relevant part, that the complaint failed to state a *Bivens* claim because the conduct alleged did not violate any federally protected constitutional right. The remaining defendants now move for judgment on the pleadings on the grounds that the complaint fails to state a § 1983 claim against them for that same reason. Because the Court finds its March 14 ruling applies with equal force with respect to bar any § 1983 claim, the Court dismisses the complaint in its entirety.

Judgment on the pleadings is appropriate under Rule 12(c) of the Federal Rules of Civil Procedure if, after assuming all factual allegations in the complaint as true and construing all reasonable inferences therein in favor of the plaintiff, "it appears beyond doubt that the plaintiff can

prove no set of facts which would entitle him to relief." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (internal marks omitted) (noting identical treatment of Rule 12(b)(6) and Rule 12(c) motions).

According to the complaint, the remaining defendants are law enforcement officials employed by the City of Russellville or the Fifth Judicial District Drug Task Force or both. *Id.* ¶ 2. The complaint alleges that the remaining defendants and Newman made false and disparaging statements to third parties while acting "[i]n the scope and course of their employment and under color of law" and that, by so doing, they significantly impeded Mann's ability to practice his profession and deprived him of "federally protected liberty and property interests," including his "right to earn a living."[1] *Id.* ¶ 6, 7, 14, 17. Specifically, Mann alleges that the defendants' statements caused licensing authorities to investigate his compliance with the Arkansas Medical Practices Act, the Arkansas State Medical Board to suspend his license to practice medicine, and the hospital to deny him clinical hospital staff privileges. *Id.* ¶ 14.

On March 14, 2006, the Court dismissed the claims against Newman, stating, in relevant part:

> Even if this suit were against Newman in his individual capacity, the complaint would fail to state a claim against Newman. In *Siegert v. Gillery*, 500 U.S. 226, 233-34, 111 S. Ct. 1789, 1794, 114 L. Ed. 2d 277 (1991), the Supreme Court held that defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional violation. "[S]o long as [the alleged] damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action." *Id.* at 234, 111 S. Ct. at 1794. Here, the alleged harms flow directly from the injury to Mann's reputation inflicted by statements purportedly made by Newman and the other defendants. Mann has not alleged that Newman played any part in deciding to investigate, suspend, or deny Mann privileges; he has alleged only that Newman and the other defendants, by making defamatory statements against him, caused third parties to investigate,

---

[1] Except to identify the parties and their occupations, the complaint refers to Newman and the remaining defendants as "Defendants" and never individually.

suspend, and deny Mann privileges. This case is indistinguishable from *Siegert*. Therefore, insofar as the complaint alleges a *Bivens* claim against Newman in his individual capacity, it fails to state a claim.

The same reasoning applies to bar the § 1983 claim against the remaining defendants. Section 1983 actions, like *Bivens* claims, redress constitutional violations. *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States."). The Court ruled on March 14 that the conduct alleged, which is the same with respect to all the defendants, did not constitute a constitutional violation. Because Mann fails to allege that the remaining defendants' conduct deprived him of any federally protected right, the Court dismisses the § 1983 claim against them with prejudice. In the absence of a federal claim against these defendants, the Court declines supplementary jurisdiction over the pendent state claims brought in this action and dismisses those claims without prejudice.[2] In sum, the Court dismisses the complaint in its entirety and grants judgment in favor of Daniel, Stobaugh, Goodman, Turner, Haley, and Ridenhour. Document #46 and #48.

IT IS SO ORDERED this 25th day of April, 2006.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] In addition to the § 1983 claim, Mann sues under the Arkansas Civil Rights Act and common law. *See* Compl. ¶ 3.